UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-20387-BLOOM/Elfenbein

BEACH BREAK OF MIAMI LLC,

    Plaintiff,

v.

THE BURLINGTON INSURANCE,
COMPANY

    Defendant.
_____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant The Burlington Insurance Company's ("Defendant" or "Burlington") Motion for Summary Judgment, ECF No. [31] ("Defendant's Motion"), and Plaintiff Beach Break of Miami, LLC's ("Plaintiff" or "Beach Break") Motion for Partial Summary Judgment, ECF No. [32] ("Plaintiff's Motion"). Plaintiff filed a Response to Defendant's Motion, ECF No. [36], and Defendant filed a Response to Plaintiff's Motion, ECF No. [33]. The parties filed Statements of Material Facts and Responses.[1] The Court has reviewed the Motions, Responses, Statements of Material Facts, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, Plaintiff's Motion and Defendant's Motion are denied.

**I.    BACKGROUND**

On January 2, 2025, Plaintiff Beach Break initiated a breach of contract action against

---

[1] Following this Court's Order directing the parties to comply with S.D. Fla. Local R. 56.1, ECF No. [39], Plaintiff filed a Statement of Material Undisputed Facts, ECF No. [41], to which Defendant filed a Response, ECF No. [44]. Defendant filed a Statement of Material Facts in Support of its Motion for Final Summary Judgment, ECF No. [42], to which Plaintiff filed a Response, ECF No. [43].

Case No. 25-cv-20387-BLOOM/Elfenbein

Defendant Burlington in the Eleventh Judicial Circuit for Miami-Dade County, Florida. *See* ECF No. [1]. Burlington removed this case to the Southern District of Florida on January 27, 2025. *Id.* Beach Break's Complaint asserts one count of breach of contract regarding the denial of coverage under an insurance policy Beach Break had with Burlington. *See* ECF No. [1-1].

### A. Material Facts

The following facts are not genuinely in dispute unless otherwise noted.

Beach Break leases retail space from a shopping center located at 17010 Collins Ave., Sunny Isles Beach, Florida 33160. ECF No. [41] ¶ 1. Burlington issued an insurance policy, No. 977B000592 ("Policy"), to Beach Break to cover this commercial property beginning on October 19, 2023. ECF No. [42] ¶ 2. Beach Break claimed loss resulting from damage to its property from a vehicle crash on April 1, 2024. *Id.* ¶ 5. The Policy was in effect at the time of the vehicle crash. *Id.* ¶ 2. Beach Break submitted an insurance claim to Burlington on April 2, 2024. *Id.* ¶ 6. Burlington opened a claim, No. 241472, and sent a field adjuster, Wini Taylor ("Taylor"), to inspect the property on or about April 8, 2024. *Id.* ¶ 7-8.

The parties dispute the extent of damage. During the inspection, Taylor observed exterior damage and noticed repairs to the property already completed. *Id.* ¶ 8. Beach Break admits that Taylor (per the public adjuster) alleges there was no damage to the interior, but Beach Break asserts that damages were readily visible to the interior flooring. ECF No. [43] ¶ 9. On July 4, 2024, Burlington sent Beach Break a coverage determination letter denying Beach Break's claim because the total damages Burlington assessed — $647.35 for damaged inventory goods — fell below Beach Break's $1,000 deductible. ECF No. [42] ¶ 10-11. Beach Break asserts that Burlington's damage estimate fails to include the total extent of damages covered by the Policy. ECF No. [43] ¶ 10. On July 10, 2024, Beach Break sent Burlington documents, including an estimate for repairs

to epoxy flooring, outdoor flooring, and windows. ECF No. [42] ¶ 12. The parties disagree whether Beach Break's documentation sufficiently demonstrates that the damages are covered under the Policy. ECF Nos. [42] ¶ 12, [43] ¶ 12.

### B. The Insurance Policy

Neither party disputes that the Policy is valid and was in effect at the time of the vehicle crash. *See* ECF Nos. [42] ¶ 2, [43] ¶ 2. The Policy's Commercial Property Declarations provide that "Business Personal Property" and "Business Income" are the only covered property under the Policy. *See* ECF No. [42] ¶ 4; *see also* ECF No. [32-3] at 11.[2] As it relates to this action, the Policy's property coverage provisions are detailed under a form titled "BUILDING AND PERSONAL PROPERTY PROTECTION COVERAGE FORM" ("Coverage Form"). ECF No. [42] ¶ 3. The Coverage Form reads, in relevant part:

> **BUILDING AND PERSONAL PROPERTY**
> **COVERAGE FORM**
>
> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
> [. . .]
> **A. Coverage**
>   We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
> **1. Covered Property**
>   We will pay for direct physical loss of or damage to Covered Property at the premises described in this section, **A.1.**, and limited in **A.2**. Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of Property.
>   a. **Building**, meaning the building or structure described in the Declarations, including:
>      [. . .]
>      (2) Fixtures, including outdoor fixtures;
>      [. . .]

---

[2] Both parties attached a 133-page policy as an exhibit to their Motions. *See* ECF Nos. [31-2], [32-3]. There are discrepancies in the page numbers of the referenced parts of the Policy, though neither party has challenged the other party's attached Policy. The relevant parts of the Policy are substantively the same, and the Court will cite to the Policy at ECF No. [32-3] for clarity.

3

> **b. Your Business Personal Property** consists of the following property located in or on the building or structure described in the Declarations or in the open (or in a vehicle) within 100 feet of the building or structure or within 100 feet of the premises described in the Declarations, whichever distance is greater:
> (1) Furniture and fixtures;
> [. . .]
> (6) Your use interest as tenant in improvements and betterments. Improvements and betterments are fixtures, alterations, installations or additions:
>> (a) Made a part of the building or structure you occupy but do not own; and
>> (b) You acquired or made at your expense but cannot legally remove[.]"

ECF No. [32-3] at 95.

The Policy's Commercial Property Declarations describe the Covered Property as "17010 Collins Ave, Sunny Isles Beach, Florida 33160," and establish that Business Personal Property and Business Income are covered while Building property is not. *Id* at 11.

## II.     LEGAL STANDARD

### A. Rule 56(a) — Summary Judgment Standard

The standard of review on cross-motions for summary judgment does not differ from the standard applied when only one party files such a motion. *See Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citations to materials in the record, including depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). "A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48

(1986)).

A court views the facts in the light most favorable to the non-moving party, draws "all reasonable inferences in favor of the nonmovant and may not weigh evidence or make credibility determinations[.]'" *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019); *see also Crocker v. Beatty*, 886 F.3d 1132, 1134 (11th Cir. 2018) ("[W]e accept [the non-moving party's] version of the facts as true and draw all reasonable inferences in the light most favorable to him as the non-movant." (citation omitted)). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Even "where the parties agree on the basic facts but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). "If more than one inference could be construed from the facts by a

5

reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990) (citation omitted). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

Additionally, "cross motions for summary judgment may be probative of the nonexistence of a factual dispute, but this procedural posture does not automatically empower the court to dispense with the determination whether questions of material fact exist." *Ga. State Conf. of NAACP v. Fayette Cty. Bd. of Comm'rs*, 775 F.3d 1336, 1345-46 (11th Cir. 2015). Indeed, even where the issues presented on motions for summary judgment overlap, a court must consider each motion on its own merits, "resolving all reasonable inferences against the party whose motion is under consideration." *S. Pilot Ins. Co. v. CECS, Inc.*, 52 F. Supp. 3d 1240, 1243 (N.D. Ga. 2014) (citing *Am. Bankers Ins. Grp.*, 408 F.3d at 1331). In particular, where "the parties respond[ ] to each respective summary judgment motion with disputes as to the 'undisputed' facts, add[ ] 'material facts' of their own, and then repl[y] with subsequent objections to the other party's additional facts," the mere filing of cross motions for summary judgment is not conclusive. *Id.* Thus, where the parties disagree as to the facts, summary judgment cannot be entered unless one of the parties meets its burden of demonstrating that "there is no dispute as to any material facts with the evidence and all inferences drawn therefrom viewed in the light most favorable" to the non-moving party. *Shook v. United States*, 713 F.2d 662, 665 (11th Cir. 1983) (citing *M/V Nan Fung*, 695 F.2d at 1296-97).

### B. Evaluation of an Insurance Policy

"Under Florida law,[3] an insurance policy is treated like a contract, and therefore ordinary contract principles govern the interpretation and construction of such a policy." *Pac. Emp'rs Ins. Co. v. Wausau Bus. Ins. Co.*, No. 3:05-cv-850-J-32TEM, 2007 WL 2900452, at *4 (M.D. Fla. Oct. 2, 2007) (citing *Graber v. Clarendon Nat'l Ins. Co.*, 819 So.2d 840, 842 (Fla. 4th DCA 2002)). As with all contracts, the interpretation of an insurance contract — including determining whether an insurance provision is ambiguous — is a question of law to be determined by the court. *Id.*; *Travelers Indem. Co. of Illinois v. Hutson*, 847 So.2d 1113 (Fla. 1st DCA 2003) (stating that whether an ambiguity exists in a contract is a matter of law).

Further, "[u]nder Florida law, insurance contracts are construed according to their plain meaning." *Garcia v. Fed. Ins. Co.*, 473 F.3d 1131, 1135 (11th Cir. 2006) (quoting *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So.2d 528, 532 (Fla. 2005)). The "terms of an insurance policy should be taken and understood in their ordinary sense and the policy should receive a reasonable, practical and sensible interpretation consistent with the intent of the parties-not a strained, forced or unrealistic construction." *Siegle v. Progressive Consumers Ins. Co.*, 819 So.2d 732, 736 (Fla. 2002) (quoting *Gen. Accident Fire & Life Assurance Corp. v. Liberty Mut. Ins. Co.*, 260 So.2d 249 (Fla. 4th DCA 1972)); *see also Gilmore v. St. Paul Fire & Marine Ins.*, 708 So.2d 679, 680 (Fla. 1st DCA 1998) ("The language of a policy should be read in common with other policy provisions to accomplish the intent of the parties."). However, if there is more than one reasonable interpretation of an insurance policy, an ambiguity exists and it "should be construed against the insurer." *Pac. Emp'rs Ins.*, 2007 WL 2900452, at *4 (citing *Purrelli v. State Farm Fire & Cas. Co.*, 698 So.2d 618, 620 (Fla. 2d DCA 1997)).

---

[3] The parties do not dispute Florida law governs the Policy. *See generally* ECF Nos. [31], [32].

A coverage clause is generally interpreted as broadly as possible to ensure the greatest amount of insurance coverage. *Id.* at *5 (citing *Westmoreland v. Lumbermens Mut. Cas. Co.*, 704 So.2d 176, 179 (Fla. 4th DCA 1997)). To determine the parties' contractual intent, a court may only consider the language in the insurance policy, unless the policy is ambiguous. *Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co.*, Ltd., 254 F.2d 987, 1003 (11th Cir. 2001) (citing *Towne Realty v. Safeco Ins. Co. of Am.*, 854 F.2d 1264, 1267 (11th Cir. 1988)). "As a general rule, in the absence of some ambiguity, the intent of the parties to a written contract must be ascertained from the words used in the contract, without resort to extrinsic evidence." *Id.* (quoting *Lee v. Montgomery*, 624 So.2d 850, 851 (Fla. 1st DCA 1993)).

Under Florida law, an ambiguous contract creates an issue of fact that precludes the grant of summary judgment. *See John M. Floyd & Assocs., Inc. v. First Florida Credit Union*, 443 Fed. App'x. 396, 398 (11th Cir. 2011) (citing *Talbott v. First Bank Fla.*, 59 So. 3d 243, 244 (Fla. 4th DCA 2011)). However, the interpretation of an unambiguous contract "is a question of law which can be resolved on summary judgment." *Id.* (quoting *PNC Bank, N.A. v. Progressive Emp'r Servs. II*, 55 So. 3d 655, 658 (Fla. 4th DCA 2011)); *Ben–Yishay v. Mastercraft Dev.*, LLC, 553 F. Supp. 2d 1360, 1373 (S.D. Fla. 2008) ("Interpretation of a clear and unambiguous contractual provision is a question of law properly decided on summary judgment."). Furthermore, "[w]hether a contract is or is not ambiguous is a question of law to be determined by the trial court." *Ocean Reef Club, Inc. v. UOP, Inc.*, 554 F. Supp. 123, 128 (S.D. Fla. 1982); *See also Centennial Mortgage, Inc. v. SG/SC, Ltd.*, 772 So. 2d 564, 565-66 (Fla. 1st DCA 2000). If it is determined that no ambiguity exists, then the contract is interpreted according to its plain meaning. *Handi-Van, Inc. v. Broward Cnty., Fla.*, 2010 WL 1223776, at *2 (S.D. Fla. Mar. 29, 2010) *aff'd,* 445 Fed. App'x. 165 (11th Cir. 2011) (citing *Anthony v. Anthony*, 949 So. 2d 226, 227 (Fla. 3d DCA 2007)).

"A contract is ambiguous where it is 'susceptible to two different interpretations, each one of which is reasonably inferred from the terms of the contract.'" *John M. Floyd*, 443 Fed. App'x at 399 (quoting *Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1252 (11th Cir. 2008)). Thus, the critical inquiry is whether the two interpretations are reasonable interpretations. *See id.* One party's unreasonable interpretation does not create an issue of ambiguity. *See id.* (holding that plaintiff's unreasonable interpretation did not establish that there was an ambiguity in the contract). Where the contract "is susceptible to only one reasonable interpretation, summary judgment appropriately may be awarded." *Wholesale Telecom Corp. v. ITC Deltacom Commc'ns, Inc.*, 176 Fed. App'x 76, 79 (11th Cir. 2006).

### III. DISCUSSION

#### A. Burlington's Motion

Burlington argues summary judgment should be granted in its favor because Beach Break has failed to meet its burden to show evidence sufficient to sustain its breach of contract claim. *See* ECF No. [31] at 7. Burlington contends that the Policy is "clear and unambiguous" regarding its coverage. *Id.* at 7. Burlington recognizes Beach Break provided repair estimates for damage to the epoxy flooring, outdoor flooring, and windows but argues that Beach Break has not established sufficient evidence to show the alleged damage is covered under the Policy. *Id.* at 9-10. Thus, Burlington argues Beach Break cannot prove that Burlington breached its obligations under the Policy, the breach of contract claim fails, and Burlington is entitled to summary judgment in its favor. *Id.*

Beach Break responds that its claimed damage is covered under the Policy. ECF No. [36] at 1. Beach Break argues that the epoxy flooring and outdoor flooring are covered under the plain language of the Policy as fixtures or as tenant improvements and betterments. *Id.* at 4-7.

Case No. 25-cv-20387-BLOOM/Elfenbein

1. **Ambiguity in the Insurance Policy Precludes Summary Judgment**

"For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract, and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). The parties do not dispute the existence of a contract. *See* ECF Nos. [42] ¶ 2, [43] ¶ 2. Burlington argues Beach Break has failed to provide sufficient evidence to establish there was a material breach of the contract — namely that damage to the epoxy flooring, outdoor flooring, and windows is covered by the Policy. The Court need not address whether the record contains undisputed facts sufficient to sustain Beach Break's claim because the operative Policy is ambiguous.

The Policy is 133 pages long and includes Policy Declarations, Forms, and Endorsements that outline applicable coverage. *See generally* ECF No. [32-3]. The Coverage Form explains the property covered under this Policy. *Id.* at 95. Reading the Policy as a whole, the Policy is ambiguous. The term "fixture" is listed three separate times in the relevant part of the Coverage Form: once under Building coverage and in two separate provisions under Business Personal Property. The surrounding context fails to illuminate the Coverage Form's meaning. Fixtures are covered under Building and Business Personal Property. Under Building coverage, Building is defined as "the building or structure described in the Declarations." *Id.* Business Personal Property is defined as the property "located in or on the building or structure described in the Declarations or in the open [. . .] within 100 feet of the premises described." *Id.* It is unclear from the terms of the Policy how a building or structure fixture under Building coverage differs from a fixture "in or on the building or structure" under Business Personal Property coverage.

Moreover, the language surrounding "fixture" provides no meaningful guidance as to the term's meaning. Building coverage encompasses "Fixtures, including outdoor fixtures,"

10

suggesting indoor fixtures may also be included. *See id.* Business Personal Property lists "Furniture and fixtures," and states that fixtures may also qualify as tenant improvements and betterments. *Id.* None of these phrases are illuminating or limiting as to what fixtures may be under these different Policy provisions. The context of each instance of "fixture" provides no guidance as to any distinct definition of the term.

"Fixture" appearing multiple times in this Coverage Form is materially significant where the parties disagree as to the classification of Beach Break's damaged property. Determining whether the epoxy flooring, outdoor flooring, and windows are fixtures does not resolve the issues in this case because under this Policy, a fixture may be covered under Business Personal Property or may be excluded as Building property. Both results are reasonable, plain readings of the Policy's coverage of fixtures, yet these two readings lead to materially different conclusions — the quintessential definition of ambiguity. *See John M. Floyd*, 443 Fed. App'x at 399. Therefore, as a matter of law, the Court finds the Policy is ambiguous. *See Ocean Reef Club, Inc.*, 554 F. Supp. at 128. Consequently, summary judgment cannot be granted. *See John M. Floyd*, 443 Fed. App'x at 399.

**B. Beach Break's Motion for Partial Summary Judgment**

Beach Break's Motion seeks partial summary judgment on its breach of contract claim, arguing that damages to the epoxy flooring, outdoor flooring, and windows are covered under the Policy with Burlington. ECF No. [32] at 1-2. In support of its Motion, Beach Break argues that the plain language of the Policy, which covers "fixtures" and "tenants [sic] betterments and improvements," covers Beach Break's claimed damages. *Id.* Beach Break contends that if the Court deems the Policy is ambiguous, Florida law requires the Court to construe the language in favor of coverage. *Id.* at 8. Burlington responds that Beach Break's claimed damage is not covered

11

under the Policy because the coverage is limited to Business Personal Property and Business Income, and the Policy does not cover "building components or structural enhancements." ECF No. [33] at 4.

For the same reasons discussed above, the Court finds the Policy is ambiguous as a matter of law. *See Ocean Reef Club, Inc.*, 554 F. Supp. at 128. Construing an ambiguous Policy in favor of the insured and for broader coverage is inappropriate on summary judgment. As such, Beach Break's Motion for Partial Summary Judgment cannot be granted. *See John M. Floyd*, 443 Fed. App'x at 399.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment, **ECF No. [31]**, is **DENIED**.
2. Plaintiff's Motion for Partial Summary Judgment, **ECF No. [32]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 27, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record